UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANNY RAYMOND SCHWAB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-CV-3119 |
| | ) | |
| RYAN KERR, | ) | |
| | ) | |
| Defendant. | ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and detained in the Rushville

Treatment and Detention Center, seeks leave to proceed in forma

pauperis.

The "privilege to proceed without posting security for costs

and fees is reserved to the many truly impoverished litigants who,

within the District Court's sound discretion, would remain without

legal remedy if such privilege were not afforded to them." Brewster

v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding in forma

pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid.  28 U.S.C.

§ 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff is pursuing a case in this Court which names security guard Ryan Kerr as one of the defendants.  <u>Schwab v. Scott, et al.</u>, 13-CV-3145.  Plaintiff alleges that, on February 2, 2014 and in retaliation for Plaintiff's pursuit of 13-CV-3145, Kerr blocked Plaintiff's path to scan legal documents, berating Plaintiff with names like "cry baby," "punk," "bitchy pain in the ass," "lying ass," "fag," "bitch," and "gay fucker."  Kerr allegedly told Plaintiff that Kerr would not allow Plaintiff to report Kerr's behavior to a supervisor, warning Plaintiff that if Plaintiff went to Court again, that Kerr would "make it his personal mission to make [Plaintiff's] life here a living hell."  Kerr also allegedly told Plaintiff that Plaintiff "needed his ass beat."

Plaintiff states an arguable First Amendment claim for retaliation for exercising his First Amendment right to pursue a

lawsuit.  He also states an arguable First Amendment claim that Kerr's behavior chills Plaintiff's First Amendment right to pursue legal redress.  While derogatory comments alone do not violate the Constitution, here Kerr allegedly coupled those comments with the physical act of blocking Plaintiff's progress down the hall, which arguably communicated an intent and ability to physically harm Plaintiff.

**IT IS ORDERED:**

1.  Pursuant to a review of the Complaint, the Court finds that Plaintiff states First Amendment claims for retaliation and for chilling Plaintiff's protected speech and right to pursue legal redress.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.  This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before

Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9.     If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.  **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11.  **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:    June 27, 2014

FOR THE COURT:

_____**s/Sue E. Myerscough**_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE