UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANNY RAYMOND SCHWAB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   14-3119 |
| | ) |
| RYAN KERR, *et al.* | ) |
| | ) |
| Defendant. | ) |

### SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently civilly committed at Rushville Treatment and Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging First Amendment retaliation claims. The matter comes before this Court for ruling on the Defendant's Motion for Summary Judgment. (Doc. 15). The motion is granted.

### PRELIMINARY MATTERS

Defendant filed his motion for summary judgment on May 6, 2015. (Doc. 15). On May 7, 2015, the Clerk of Court sent Plaintiff a Rule 56 Notice. (Doc. 17). The notice informed Plaintiff that he had 21 days to respond to the Defendant's motion and that failure

to respond could result in dismissal of this action without trial. As of the date of this Opinion, Plaintiff has not filed a response, nor has he filed a motion seeking additional time to do so. Therefore, the Court will consider the Defendants' assertions of fact as undisputed for purposes of this ruling. See FED. R. CIV. P. 56(e)(2) (if a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion).

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**FACTS**

Plaintiff is civilly committed at Rushville Treatment and Detention Facility ("Rushville" or "TDF") pursuant to the Illinois Sexually Violent Persons Commitment Act.  Defendant is employed at the TDF as a Security Therapy Aide ("STA").  On May 20, 2013, Plaintiff filed a lawsuit against Defendant and several other TDF officials alleging claims different that those alleged here.  See Schwab v. Scott, No. 13-3145 (C.D. Ill. filed May 20, 2013) (allegations of black mold on a mattress).

On February 4, 2014, Plaintiff was scheduled to use the scanner at Rushville for purposes of scanning legal documents for his pending litigation.  Plaintiff was not allowed to go to the scanner at the time he believed he was scheduled for an undisclosed reason. Plaintiff waited in his housing unit from approximately 8 a.m. until approximately 10:30 a.m., when he was called to use the legal scanner.  During that time, Defendant Kerr and two other STAs not

named as defendants allegedly refused to inform Plaintiff when he would be allowed to use the scanner and denied Plaintiff's requests to speak with a supervisor.  Plaintiff was able to get his scanning done that morning.  Pl. Dep. 32:14-15 ("I left for the library and got my scanning done.").

On his way back from scanning his legal documents, Plaintiff encountered Defendant Kerr in the hallway.  According to Plaintiff, Defendant Kerr told him "to back off…[Defendant Kerr then said something] to the effect he was watching me, observing me." Id. 37:6-8.  When Plaintiff did not respond, Defendant Kerr allegedly told Plaintiff that he (Plaintiff) was "being a bitchy pain in the ass," as well as calling Plaintiff "cry baby, a punk." Id. 38:3-5.  Defendant Kerr concluded by stating that if Plaintiff continued to go to court, he (Kerr) would "make [Plaintiff's life] a living hell." Id. 38:18-22.  Plaintiff stated Defendant Kerr made these statements in an intimidating manner.

Thereafter, Plaintiff had little interaction with Defendant Kerr.  According to Plaintiff's deposition testimony, Defendant Kerr has not approached, spoken to, or threatened Plaintiff since February 4, 2014.  Id. 41:14-18.

## ANALYSIS

To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 553 (7th Cir. 2009). If a plaintiff makes this showing, the burden shifts to the defendants to show that they would have taken the action despite the improper motive. Mays v. Springborn, 719 F.3d 631, 635 (7th Cir. 2013).

Defendant concedes that the facts, viewed in a light most favorable to Plaintiff, show that Plaintiff has engaged in activity protected by the First Amendment and that the protected activity motivated the Defendant's actions. The relevant question, then, is whether Plaintiff suffered a deprivation serious enough to deter future First Amendment activity as not every deprivation implicates constitutional concern. See Bart v. Telford, 677 F.2d 622, 625 (7th Cir. 1982) ("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always

actionable no matter how unlikely to deter a person of ordinary firmness.").

Defendant Kerr's actions on February 4, 2014 are the only basis upon which Plaintiff could prevail as Plaintiff admitted in his deposition that he had no contact with Defendant Kerr after that date and the filing of this lawsuit.  Defendant Kerr disputes Plaintiff's version of events, but nonetheless, cannot refute it for lack of recollection.  Thus, the Court will assume Plaintiff's testimony is true.

Even so, Plaintiff cannot show that Defendant Kerr's actions deterred him from the exercise of his First Amendment rights. Plaintiff was not denied the ability to scan his legal documents—he was only delayed for a few hours.  In addition, Plaintiff was able to file a grievance on the same day that Defendant Kerr allegedly threatened him.  Pl. Dep. 42:8-11.  Following those threats, Plaintiff had no contact with Defendant Kerr and Plaintiff does not offer any evidence to show that he was otherwise deterred from exercising his First Amendment rights.  Therefore, the Court finds that a reasonable juror could not conclude that Plaintiff's First Amendment rights were violated.

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion for Summary Judgment [15] is GRANTED.  The clerk of the court is directed to enter judgment in favor of Defendant and against Plaintiff.  All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     January 21, 2016.

FOR THE COURT:

_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
